ROBINA E. COLLINS, WIDOW ILON, v. FRANCES BABIN et al.

The paraphernal property, which is not administered by the wife, separately and alone, is considered to be under the management of the husband, &c. C. C. 2362, 2363.

The wife who took an active concern in the effects of the community cannot renounce the same.

Acts which are simply administrative or conservatory, do not come here under the denomination of active concern. C. C. 2381, and authorities herein cited.

Where the wife takes an active part in the effects of the community—*Held :* That she has shown a tacit acceptance of the same, and the consequence of her acts is to render her responsible for one-half of the claims on the community. Neither can she, after having thus fixed her liability, be exonerated by *simply* producing letters of tutorship and an inventory.

APPEAL from the Dist. Court of the Parish of W. Baton Rouge, *Robertson,* J. *Thomas Gibbs Morgan,* for plaintiff. *Barrow & Pope,* for defendants and appellants.

DUFFEL, J. The judgment appealed from rescinds the sale of certain slaves, as having been made by the plaintiff, during minority, by and with the authorization of her husband, who received the price ; and decrees the payment, by the defendants, of $200 per annum, as an equivalent for the services of said slaves from the date of the sale, March 31st, 1852, till paid.

The defendants do not in this Court question the justice of the rescission of the sale, but contend :

1st. That their ancestor having been a purchaser in good faith, they are only liable for hire from the time they were put in default by the inception of the suit.

2d. That judgment should have been rendered in their favor, as prayed for in their answer, against the plaintiff, as widow in community and as natural tutrix of the only heir of her deceased husband, for the return of the price paid for said slaves, $1,400, with legal interest from the date of such payment, January 4th, 1853, till paid.

On the first point. There can be no doubt as to the good faith of the purchaser ; and such being the case, the liability of the defendants, as the legal representatives of their father, *Pierre Paul Babin,* the purchaser of the slaves in question, is fixed by the Code. Arts. 3414, 3416. Besides, the plaintiff does not aver that she had the separate administration of her paraphernal property, but, on the contrary, that her husband received the price of the slaves. It is therefore clear that the plaintiff could not have claimed, in a suit against her husband, hire for her slaves, or the interest on their purchase money, had she ratified the sale (C. C. 2362, 2363) ; and this being the case, it would be a gross injustice to sanction a proceeding which would allow the plaintiff to obtain indirectly, against an innocent purchaser and victim of her *presumed passive act,* a pecuniary favor which would otherwise be denied her.

On the second point. The evidence shows that the plaintiff qualified as tutrix of her minor child, and caused an inventory to be made a few days after the death of her husband ; the assets being, as per the inventory, as follows : Merchandise, $5,817 90 ; rights and credits, $4,307 80 ; cash on hand, $400 ; total, $10,525 70. It does not appear that the plaintiff has, as yet, *formally* accepted or renounced the community of acquests and gains.

The defendants have proved, in order to show a constructive acceptance of the

community, that the plaintiff sold at private sale, and by simple delivery unaccompanied by any written act, the merchandise, or stock of goods, to *W. D. Phillips* and *H. T. Waddill*, who both testify to the same effect. The witness *Waddill* adds : " She (the plaintiff) assumed the collection of the debts due, and paid such liabilities as were presented to her, except one."

It is not pretended that this informal sale was made by an order of Court. The mortuary proceedings are in evidence, and show that no further steps were taken after the close of the inventory, nor can we infer, from the testimony of the purchasers of the goods, that they treated with the plaintiff as tutrix of her child.

It seems to us that the plaintiff has, by her deliberate acts, placed herself completely within the scope and meaning of the 2381st article of the Code, which says : " The wife who took an active concern in the effects of the community, cannot renounce the same. Acts which are simply administrative or conservatory, do not come here under the denomination of active concern." See commentary of Duranton on Art. 1454 of the Napoleon Code, which is embodied, *verbatim*, in our Code, Art. 2381, vol. 14, p. 556 *et seq.*, and particularly §§ 438, 439 and 440.

Duranton, § 439, remarks : " The payment of funeral charges of the husband made by the widow, although with the funds of the community, does not *either* carry with it an active concern. The same remark applies to debts commonly styled trifling or clamorous, *dettes* criardes." Sec. 440 : " If, on the contrary, she performs acts which go beyond those of a simple administration,—for example, if she sells effects of the community without fulfilling the prescribed formalities, she becomes thereby an *acceptor*, elle se porte par cela même acceptante ; and, in general, what we have said under the title of successions, on the acceptation of the heirs, vol. 4, chap. 5, sec. 1, par. 1, is applicable to the wife."

The plaintiff is not charged with having fraudulently suppressed or disposed of any part of the community property (C. C. 2387), but with having accepted the community ; and the evidence fully justifies a tacit acceptance by reason of her active concern in the effects of the community. The consequence of her acts is to render her responsible for one-half of the claim of the defendant. *Lynch* v. *Martha A. Benton et al.* 12 R. 113 ; *Cox* v. *Hunter's Heirs*, 10 L. R. 427 ; C. C. 2381, 2378.

The plaintiff cannot, after having thus fixed her liability, be exonerated by *simply* producing letters of tutorship and an inventory.

The reasoning, in the two strongest authorities which, under our State jurisprudence, can be invoked by the plaintiff, *Selby* v. *Bass et al.* 19 L. R. 499, and *Bonner* v. *Gill*, 5 An. 629, leads to no such conclusion, and is based on a totally different state of facts.

The defendants did not in their answer, or reconventional demand, make the plaintiff party, as tutrix of her minor child, and as such, administratrix of the succession of her deceased husband ; hence we are without authority to render any judgment in their favor against the succession of *Charles A. Ilon.* We will, in this respect, make a reservation in their favor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court rescinding the sale of the slaves in controversy remain undisturbed, and that it be otherwise avoided and reversed. It is further ordered, that the plaintiff have judgment against the defendants, *Frances Babin*, wife of *Lafayette Caldwell*, and *Magloire C. LeBlanc*, as tutor of the minors, *Franklin Babin, Thomas Babin*, and *Harriet Babin*, for the sum of two hundred dollars per annum from judicial demand, 19th February, 1858, till paid.

It is further ordered and decreed, that the above-named defendants have judgment against the plaintiff for the sum of seven hundred dollars, with legal interest thereon from February 19th, 1858, till paid.

It is further ordered, that the right of action which the defendants may have against the succession of *Charles A. Ilon*, be reserved to them.

It is further ordered, that the costs of the lower Court be paid by the defendants, and those of the appeal by the plaintiff.

VOORHIES, J., absent.